UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, et al., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>NEW YORK POLICE DEPARTMENT,)<br>et al., )<br>)<br>Respondents. ) | No. 4:15-CV-75-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Frederick Banks' and Kenneth Posner's filing of a petition for writ of mandamus [Doc. #1] and motions for leave to proceed in forma pauperis [Docs. #2 and #3]. Upon review of the financial information submitted, the Court will grant petitioners in forma pauperis status. *See* 28 U.S.C. § 1915(b)(1). Furthermore, having carefully reviewed the petition, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, in reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the petition the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The Petition

Petitioners have filed a twenty-nine-page petition seeking a writ of mandamus. *See* 28 U.S.C. § 1651. On the first twenty-five pages of the petition, petitioners name as respondents over five hundred federal and state agencies, individuals, and United States members of Congress.

In Counts 1 and 2, petitioners allege "murder and manslaughter" for the deaths of Eric Garner and Michael Brown, respectively. In Count 3, petitioners

allege "discrimination against constitutional rights" on behalf of "Frederick Banks an American Indian of the Lakota Sioux Tribe," who was being held at "Renewal, Inc.," in Pittsburgh, Pennsylvania. Petitioners allege that Kyle Kohlbacker failed to provide Banks "provisions to practice his Wicca religion . . . and otherwise discriminated against him."

In Count 4, petitioners allege "discrimination and conspiracy against constitutional rights," claiming that certain judges who sit on the "Foreign Intelligence Surveillance Court conspired to keep [petitioners] in a state of perpetual frenzy and discontent by holding them hostage with a bogus FISA warrant that they unlawfully approved in the District of Columbia." Petitioners further allege that, as a result, "the CIA Office of Science and Technology put them under surveillance using SIGNINT ("Signals Intelligence") which produced the Microwave Auditory Effect in their daily lives 24 hours a day 7 days a week," and the "U.S. Probation department conspired . . . to cause and keep [Banks] confined at N.E.O.C.C. in Ohio and Renewal Center in Pittsburgh."

In Count 5, petitioners allege "conspiracy against protected constitutional rights and conspiracy to commit murder." More specifically, petitioners claim that Earl and Kyle Kohlbacker, Shariff Rasheed, and Doug Williams, Renewal's head of operations, "conspired . . . to prevent Frederick Banks from his right to pursue the

3

profession of his choice . . . because of his class based status as an American Indian and citizen of the USA and the Commonwealth of Pennsylvania." Petitioners further claim that defendants "confined [Banks] on Christmas to convert him to their perverted form of Christianity because he practiced Witchcraft and was a Warlock and Wiccan Witch."

## Discussion

Petitioners' request for a writ of mandamus is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir. 1963). The alleged actions of the named defendants in this case are not within the jurisdiction of this Court. *See Middlebrooks*, 323 F.2d at 486; *see also Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioners are attempting to challenge or appeal another state or federal judge's order(s) in a separate action, the instant mandamus petition is without merit. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of

state court or other federal district court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "[Federal] [r]eview of state court decisions may be had only in the Supreme Court." *Id.*

As additional grounds for dismissing this action, the Court notes that Counts 1 and 2 are legally frivolous under 28 U.S.C. § 1915(e)(2)(B), because petitioners lack standing to bring charges on behalf of Eric Garner and Michael Brown. Petitioners' claims in Count 3 are "clearly baseless," that is, "fanciful," "fantastic," and "delusional" under the standard set forth by the Supreme Court in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and fail to state a claim or cause of action. Moreover, even construing the petition liberally, Counts 4 and 5 do not constitute a viable cause of action. Conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for conspiracy, a litigant must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993).

Last, the Court takes judicial notice of two similar cases that petitioners recently filed in Texas and Delaware: *Banks v. New York Police Department*, No. 1:15-CV-37 (E.D. Tex.), and *Banks v. New York Police Department*, No.

15-CV-088-LPS (D. Del.). In the former case, petitioners complained of the conditions of confinement at the Renewal Center in Pittsburgh, Pennsylvania. Finding that venue was improper in the Eastern District of Texas, the Court transferred the case to the Western District of Pennsylvania. In the latter Delaware case, the District Court stated, "Banks resides in Pennsylvania. He is a frequent and vexatious litigant. *See Banks v. Unknown Named Number of U.S. Postal Inspectors*, 2013 WL 5945786, at *5 (W.D. Pa. Nov. 6, 2013) (discussing Banks' litigious behavior)." In addition, the Court noted that the complaint contained five counts and was identical to a complaint Banks and Posner had filed on January 14, 2015 in the United States District Court for the Western District of Pennsylvania in *Banks v. NYPD*, No. 15-CV-054 (W.D. Pa. Jan. 14, 2015), with the exception that plaintiffs did not name as defendants U.S. Senators and members of Congress. The Court further noted that the Pennsylvania Court found, *inter alia*, that "Posner is a 'straw party' used by Banks to circumvent the Pennsylvania District Court's November 6, 2013 order [limiting future actions filed by Banks in which he requests leave to proceed in forma pauperis]."

For the above-stated reasons, the instant action will be dismissed as legally frivolous and malicious under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioners' motions for leave to proceed in forma pauperis [Docs. #2 and #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the petition is legally frivolous and malicious and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of March, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**